**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Dorothy Lynette Reddic, | ) | |
|     Plaintiff, | ) | Case No: 3:18-cv-50043 |
| | ) | |
| v. | ) | |
| | ) | |
| James T. Dimas, et al., | ) | Judge: Kennelly |
|     Defendants. | ) | |

**ORDER**

For the reasons stated below, the Court grants defendants' motions to dismiss [24] [28] [31]. Unless plaintiff files, by 12/4/2019, a motion for leave to amend along with a proposed third amended complaint that states intelligible and viable legal claims, the Court will enter judgment against her.

**STATEMENT**

Dorothy Reddic filed a *pro se* lawsuit against a number of Illinois government officials and persons associated with Northern Illinois University and Prairie State Legal Services. She alleges that the defendants violated her constitutional rights. Ms. Reddic's amended complaint is quite hard to follow. As best as the Court can make out, Ms. Reddic, who alleges she is a person with a disability, was receiving services from the Illinois Department of Human Services' Division of Rehabilitation Services via its office in DeKalb. Ms. Reddic was apparently participating in IDHS's vocational rehabilitation program and was attending NIU. At some point, it appears, Ms. Reddic was denied the right to enroll in classes. She also alleges that she was a victim of sexual harassment, threats, and retaliation. Ms. Reddic also alleges that she was denied reasonable accommodations for her disability. She assets claims for denial of due process and equal protection and for violation of the Americans with Disabilities Act. The basis for these claims, however, is exceedingly difficult for the Court to discern from Ms. Reddic's complaint.

The defendants have all filed motions to dismiss Reddic's amended complaint. Reddic was ordered to respond to the motions by a particular date. She did not file a

response (either on time or late), and she did not seek an extension of time.  Reddic is therefore considered to have conceded the merits of the motions to dismiss.  The Court grants defendants' motions for that reason.

Even absent Reddic's failure to comply with the Court's order and respond to defendants' motions, her amended complaint would be subject to dismissal, for the following reasons:

1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  And Federal Rule of Civil Procedure 10(b) requires a party's claims to be set out "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Reddic's amended complaint does not come anywhere near complying with these requirements.  More generally, when a complaint's "lack of organization and basic coherence renders [it] too confusing to determine the facts that constitute the alleged wrongful conduct," as is the case here, "dismissal is an appropriate remedy."  *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (internal quotation marks omitted).  When, as in this case, the court cannot "make out the essence of the claims[,] dismissal of a complaint on the ground that it is unintelligible is unexceptionable."  *Id.* (internal quotation marks omitted).

2. With respect to her due process claim, Ms. Reddic has not identified any liberty or property interest that she was deprived of without due process.  See *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 616 (7th Cir. 2002).

3. With regard to Ms. Reddic's equal protection claim, it is so jumbled and confusing that the Court cannot say she has adequately alleged any of the named defendants' personal involvement in a violation of her equal protection rights.  Thus the Court need not deal with defendants' statute of limitations and other arguments regarding this claim.

4. Ms. Reddic cannot assert a claim for damages against any of the individual defendants for violations of Title II of the Americans with Disabilities Act.  *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 643, 645 (7th Cir. 2015).

5. Ms. Reddic has not stated a viable claim against any of the defendants affiliated with Prairie State Legal Services.  Her contention appears to be that these

defendants wrongfully refused to provide her with legal representation regarding her issues with NIU and IDHS. But this does not implicate any constitutional rights, nor is there any viable contention that any of the Prairie State defendants acted under color of state law, as required to state a claim against them under 42 U.S.C. § 1983 for violation of Ms. Reddic's constitutional rights.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: 11/12/2019

3